## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL ROSENBERG,<br>3511 NW 91st Avenue,<br>Doral, FL 33172,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br>1400 Defense Pentagon,<br>Washington, DC 20301-1400,<br><br>          Defendant. | Docket No. _____<br><br><br><br>**COMPLAINT** |

Plaintiff, Carol Rosenberg, by her undersigned attorneys, alleges:

### INTRODUCTION

1.       This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 *et seq.*, by a reporter for *The Miami Herald* to compel access to daily personnel census

reports, or "PERSTATs," detailing the number of troops, civilians, and contractors assigned

to the commander of Joint Task Force Guantánamo ("JTF-GTMO"), a service component of

the Department of Defense's ("DOD") United States Southern Command ("SOUTHCOM").

2.       Throughout nine years as a candidate and in office, President Barack Obama

has repeatedly expressed his intent to close the Guantánamo Bay detention facilities.  While

the facilities' capacity has recently been reduced in accordance with that aim, the military has

proposed hundreds of millions of dollars of renovations and expansions to the facilities.

These conflicting intentions have rendered unclear the extent of future United States

involvement and investment in Guantánamo Bay, a matter of significant public interest.

3.      In September 2016, plaintiff submitted a FOIA request to SOUTHCOM in the course of investigating a breaking news story about Guantánamo Bay staffing levels.  She requested copies of JTF-GTMO's daily PERSTAT reports or, alternatively, the data contained in those reports for JTF-GTMO from the date of its inception as "JTF160" in January 2002 through its current formulation as JTF-GTMO.  Plaintiff requested that SOUTHCOM grant expedited processing of the request given its timely news value and importance.

4.      SOUTHCOM has not timely or adequately responded to Plaintiff's FOIA request.

5.      Given the significant public interest in questions about the continued detention of individuals at Guantánamo Bay Naval Base and DOD's allocation of personnel to handle detainees, plaintiff seeks declaratory, injunctive, and other relief to enforce her statutory right to inspect the personnel statistics contained in the daily PERSTAT reports prepared by JTF-GTMO.  Plaintiff seeks expeditious treatment of this Complaint pursuant to 28 U.S.C. § 1657.

**THE PARTIES**

6.      Plaintiff Carol Rosenberg is a reporter for *The Miami Herald*.  Plaintiff has been a staff reporter for *The Miami Herald* since September 1, 1990, and is *The Miami Herald*'s primary reporter of news concerning Guantánamo Bay, covering detainee issues related to Guantánamo Bay since December 2001.

7.      DOD is a department within the executive branch of the United States government and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). SOUTHCOM is a component of DOD.  *Cf.* 10 U.S.C. § 161; *Unified Command Plan*, U.S.

Dep't of Def., http://www.defense.gov/Military-Services/Unified-Combatant-Commands

(last visited Oct. 21, 2016).  SOUTHCOM is the Unified Combatant Command in charge of

JTF-GTMO.  *See SOUTHCOM Component Commands & Units*, U.S. Southern Command,

http://www.defense.gov/Military-Services/Unified-Combatant-Commands (last visited Oct.

21, 2016).   Accordingly, SOUTHCOM is the relevant FOIA authority for the instant request.

*See* 32 C.F.R. § 286 app. B, AP2.3.5.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this action and personal

jurisdiction over the defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C.

§§ 701-06.

9.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### The Guantánamo Bay Detention Controversy Underlying Plaintiff's FOIA Request

10.      The United States has detained hundreds of people at a naval base in

Guantánamo Bay, Cuba since January 2002.  *By the Numbers*, Miami Herald (Aug. 24, 2016,

6:00 AM), http://www.miamiherald.com/news/nation-world/world/americas/guantanamo/

article2163210.html (last visited Oct. 21, 2016).  (A true and correct copy of this article is

annexed as Exhibit A.)

11.      In 2007, during his first presidential campaign, President Obama promised

that he, if elected, would close the Guantánamo Bay detention facilities.  *See, e.g.*, Elizabeth

White, Associated Press, *Obama Says Gitmo Facility Should Close*, Wash. Post (June 24,

2007, 8:21 PM), http://www.washingtonpost.com/wp-dyn/content/article/2007/06/24/

AR2007062401046.html (last visited Oct. 21, 2016).  (A true and correct copy of this article
is annexed as Exhibit B).

12.     In 2012, during his second presidential campaign, President Obama
reaffirmed his intent to close the detention facilities, stating that he "still want[s] to close
Guantánamo."  Ian Schwartz, *Obama Blames Congress For Not Closing Guantanamo Bay*,
RealClearPolitics (Oct. 19, 2012), http://www.realclearpolitics.com/video/2012/10/19/
obama_blames_congress_for_not_closing_guantanamo_bay_.html (last visited Oct. 21,
2016).  (A true and correct copy of this article is annexed as Exhibit C).

13.     On February 23, 2016, President Obama announced a plan for closing the
Guantánamo Bay detention facilities and dealing with the remaining group of detainees.  *See*
Melanie Garunay, *President Obama Presents the Plan to Close Guantanamo: "This Is About
Closing a Chapter in History"*, White House (Feb. 23, 2016, 12:11 PM), https://www
.whitehouse.gov/blog/2016/02/23/president-obamas-plan-close-guantanamo-about-closing-
chapter-history (last visited Oct. 21, 2016).  (A true and correct copy of this article is
annexed as Exhibit D).

14.     In September 2016, the military announced that it had shut down operations at
Camp 5, a 100-cell maximum-security lockup at Guantánamo, consolidating the 61
remaining detainees into Camps 6 and 7.  Carol Rosenberg, *Guantánamo Downsizes By
Closing One Prison, cutting 400 troops*, Miami Herald (Sept. 7, 2016, 6:57 PM),
http://www.miamiherald.com/news/nation-world/world/americas/guantanamo/
article100496357.html (last visited Oct. 21, 2016).  (A true and correct copy of this report is
annexed as Exhibit E.)  The military plans to convert Camp 5 to a new prison clinic and
psychiatric ward.  *Id.*

15.     In addition to this apparent tension between the Obama Administration's
stated intent and DOD's plans for the base, the future of Guantánamo is unclear due to the
November 2016 election.  Presidential candidate Hillary Clinton supports President Obama's
plan to close the detention facilities at Guantánamo Bay.  *Statement from Hillary Clinton on
Guantanamo Bay*, The Briefing (Feb. 23, 2016), https://www.hillaryclinton.com/briefing/
statements/2016/02/23/plan-to-close-guantanamo-bay/ (last visited Oct. 21, 2016) (A true
and correct copy of this article is annexed as Exhibit F.)

16.     Despite the shrinking prison population, the Obama Administration's stated
intent to close the base, and presidential candidate Clinton's support for closing the base,
evidence suggests that the level of staffing at Guantánamo is nearing a historic high.  *See*
Ex. A. (*By the Numbers*)

17.     Additionally, the military plans to invest hundreds of millions of dollars in
upgrades to the base over the next five years, including $240 million to construct new
buildings and repair existing structures and $66 million to build a new school for the children
of base residents.  Associated Press, *U.S. to Spend $240M on Upgrades to Navy Base at
Guantánamo from 2017*, Miami Herald (July 6, 2016, 7:55 PM),
http://www.miamiherald.com/news/nation-world/world/americas/guantanamo/
article88082117.html (last visited Oct. 21, 2016).  (A true and correct copy of this article is
annexed as Exhibit G.)  The Navy has proposed an additional $40 million expenditure for a
new fiber optic cable to be laid between the Base and Puerto Rico.  Carol Rosenberg, *U.S.
Military Wants to Buy Guantánamo Bay a Backup Fiber-Optic Cable*, Miami Herald (June
28, 2016, 7:12 PM), http://www.miamiherald.com/news/nation-world/world/americas/

guantanamo/article86517147.html.  (A true and correct copy of this article is annexed as Exhibit H.)

18.     Given the dissonance between the Obama Administration's stated plans to close the Guantánamo detention facilities and DOD's increased investments and staffing at the base, and in light of the uncertain status of the base's continued existence in the run-up to the November 2016 election, the detention of individuals at Guantánamo Bay Naval Base and DOD's allocation of personnel to handle detainees is a matter of significant public interest.  *See* Ex. A. (*By the Numbers*)

### The PERSTAT Reports

19.     On information and belief, a PERSTAT Report is a daily report prepared by the chief of staff at the Detention Center operation at the Guantánamo Bay Naval Base.  On information and belief, a PERSTAT Report notifies SOUTHCOM of the actual, current personnel census at the JTF—including troops, civilians, and contractors assigned to the JTF-GTMO CDR.

20.     Because the Government has not provided the requested PERSTAT Reports, or the data they contain, plaintiff has been unable to report accurately on the number of staff at the Guantánamo Base, depriving the public of a crucial opportunity to exercise meaningful democratic control over a matter of great public concern in an election year.

21.     Since the PERSTAT Reports, on information and belief, contain the actual current personnel census at the JTF, access to the PERSTAT Reports or the data they contain will allow plaintiff to accurately report on the increased staffing at the base.

22.     On information and belief, the content of the daily PERSTAT reports is not classified.

**Plaintiff's Efforts to Obtain the Daily PERSTAT Reports**

23.     On September 29, 2016, Plaintiff submitted a FOIA request (1) by email to Marco T. Villalobos, Command FOIA Manager at SOUTHCOM; (2) via DOD's electronic portal; and (3) by letter to SOUTHCOM, seeking a single set of records: "The daily 'PERSTAT' reports for Joint Task Force-Guantanamo from the date of its inception as JTF160 in January 2002 through its current formulation as JTF-GTMO or an equivalent computer run that generates the PERSTAT as it has been reported across the years." (True and correct copies of the email, the portal page confirming submission, and the request are annexed as Exhibits I, J, and K, respectively.)

24.     In her request, plaintiff stressed that her request is "time sensitive" and that she requires access to the records in order to produce a report on a "a breaking news story of general public interest." Ex. K at 3.  Specifically, plaintiff highlighted the importance of reporting on this matter quickly so that the public can engage with candidates in the upcoming presidential and congressional elections and exercise meaningful democratic control over matters to be addressed in her report.  *Id.*

25.     Plaintiff requested that DOD expedite its processing of the FOIA request, communicate any questions concerning her request by email, and notify her if any documents responsive to her request are classified.  *Id.* at 3-4.

26.     In an email dated October 4, 2016, SOUTHCOM acknowledged receipt of plaintiff's FOIA request and denied plaintiff's request for expedited processing, stating that "a compelling need was not demonstrated."  Email from Marco T. Villalobos to Carol Rosenberg (Oct. 4, 2016, 11:18 AM).  (A true and correct copy of this email is annexed as Exhibit L.)

7

27.     SOUTHCOM has not produced any documents in response to plaintiff's FOIA request, has not indicated whether it has conducted any search for the requested records, and has not notified plaintiff of her right to appeal from SOUTHCOM's interim response.

28.     More than twenty (20) business days have passed since plaintiff submitted her request.

29.     Under controlling precedent, plaintiff has exhausted her administrative remedies.

### FIRST CAUSE OF ACTION
### (Violation of FOIA for failing to expedite Plaintiff's request)

30.      Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

31.     Defendant's refusal to expedite the processing of plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(6)(E), and defendant's regulations promulgated thereunder.

### SECOND CAUSE OF ACTION
### (Violation of FOIA for failure to make records available)

32.     Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

33.     Defendant's failure to make available and to release the records requested by plaintiff violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A).

### THIRD CAUSE OF ACTION
### (Violation of FOIA for failure to grant fee waivers)

34.     Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

35.     Defendant's failure to grant plaintiff a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and defendant's regulations promulgated thereunder.

36.     Defendant's failure to grant plaintiff's request for a public interest fee waiver violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and defendant's regulations promulgated thereunder.

## RELIEF REQUESTED

**WHEREFORE**, plaintiff respectfully prays that this Court:

a.     Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

b.     Declare that defendant violated FOIA by not releasing records sufficient to reveal the daily PERSTAT reports for JTF-GTMO from the date of its inception as "JTF160" in January 2002 through its current formulation as JTF-GTMO;

c.     Enjoin defendant immediately and expeditiously to provide to plaintiff the records requested in her September 2016 FOIA and to grant plaintiff a public interest waiver of any fees;

d.     Award plaintiff the costs of this proceeding, including reasonable attorneys' fees and costs; and

e.     Grant such other and further relief as the Court deems just and proper.

Dated:  October 24, 2016
        Washington, DC

Respectfully submitted,

MEDIA FREEDOM & INFORMATION
    ACCESS CLINIC
ABRAMS INSTITUTE
YALE LAW SCHOOL

By:/s/ Hannah Bloch-Wehba
Hannah Bloch-Wehba (Bar ID 1031703)
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5824
Fax: (203) 432-3034
Hannah.Bloch-Wehba@yale.edu

David A. Schulz (Bar ID 459197)
1899 L Street, NW Suite 200
Washington, DC 20036
Tel: (212) 850-6100
Fax: (212) 850-6299
dschulz@lskslaw.com

*Attorneys for Plaintiff*

John Langford (NY 902391)
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5831
Fax: (203) 432-3034
john.langford@yale.edu

*Of Counsel*